**YONG XIA ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–4655–ag.

United States Court of Appeals, Second Circuit.

July 30, 2008.

Oleh R. Tustaniwsky, Pacific Law Office, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Anthony P. Nicastro, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Hon. ROBERT A. KAZTMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner, Yong Xia Zheng, a native and citizen of China, seeks review of a September 28, 2007 order of the BIA affirming

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

the March 8, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng,* No. A 98 717 813 (B.I.A. Sept. 28, 2007), *aff'g* No. A 98 717 813 (Immig. Ct. N.Y. City Mar. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court ordinarily reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). Here, however, we decline to review the IJ's decision because Petitioner failed to exhaust any of the arguments he makes before this Court. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues he or she later raises in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Zheng argues before this Court that the IJ erred in finding that he did not establish past persecution, a well-founded fear of persecution, or a likelihood of persecution or torture based on his resistance to China's family planning policy. In his Notice of Appeal to the BIA, though, he asserted only that the IJ's credibility finding was erroneous and that he "met the burden of proof." However, the IJ never made a credibility finding and Petitioner's bare assertion that he met his burden of proof is insufficient to preserve any issue for this Court's review. *See Lin Zhong,* 480 F.3d at 119–20. Accordingly, the petition for review must be denied.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).